UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/29/2021

ALEX SAPIR, 260-261 MADISON AVENUE LLC and SFM REALTY CORP.,

    Plaintiffs,

v.

ROTEM ROSEN, OMER ROSEN, and JOHN and JANE DOE 1-100,

    Defendants.

No. 20-cv-6191 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On July 17, 2020, Plaintiffs filed this action against Defendants in New York state court. Dkt. 1. Plaintiffs' complaint raised ten state law claims and one federal law claim. On August 6, 2021, Defendants removed the action to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367(a). Dkt. 1. On September 30, 2021, the Court dismissed Plaintiffs' federal claim for failure to state a claim. Dkt. 57. The Court then declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismissed them without considering their merits. The Court granted Plaintiffs until October 28, 2021 to file an amended complaint repleading its federal claim; if no such pleading was filed by then, the Court stated that it would dismiss the action with prejudice.

    Plaintiffs have not filed an amended complaint. However, on October 20, 2021, the Court received a letter from one of the defendants, Omer Rosen. Dkt. 58. The letter states that Plaintiffs have refiled some of their state law claims in state court without moving for remand in this Court and argues that this action violates the procedural requirements of 28 U.S.C. § 1447. Omer then

asks that the Court: (1) retain supplemental jurisdiction over this case; (2) allow Omer to make an application for fees incurred as a result of removal; and (3) allow Omer to apply for fees and costs under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(D), the statute under which Plaintiffs brought their sole federal claim. Plaintiffs have filed a letter of their own vehemently opposing Omer's requests. Dkt. 59.

To the extent Omer's letter constitutes a motion for reconsideration of some aspects of the Court's September 30 Order, it is untimely. *See* Local Civ. R. 63.1 ("[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."). Nor are Omer's arguments persuasive when considered on their merits.

Omer argues that judicial efficiency and consistency would be served by retaining supplemental jurisdiction.[1] Specifically, he explains that one of his arguments for dismissal of some of the state law claims against him relies on a contract the interpretation of which is also at issue in a related case pending before the Court. *See Rosen v. Sapir*, No. 20-cv-5844 (RA), 2021 WL 4523713 (S.D.N.Y. Sept. 30, 2021). Omer, however, is not a party to this related case: only his brother Rotem is. In any event, while some claims in that related case do implicate the same contract that Omer raised as a defense to liability in the instant action, the issues are far from the same. As relevant here, Omer's argument—which the Court did not address, given its jurisdictional ruling—hinges on the contention that he is an "affiliated party" as that term is used in that contract. The Court had no occasion to consider the meaning or scope of the phrase "affiliated party" in the related action; nor is it likely to do so given the specific facts of that case. Accordingly, there is little to no judicial efficiency to be gained by exercising supplemental

---

[1] The Court presumes that Omer is asking the Court to retain supplemental jurisdiction only over the claims asserted against him, and not those asserted against his co-defendant Rotem Rosen.

jurisdiction here. Nor is there a significant risk of inconsistent rulings in state court and in federal court regarding the same contract, as it appears likely that different provisions will be interpreted in each case. Indeed, because Plaintiffs have already brought these claims against Omer in a new state court action, retaining jurisdiction now would *create* duplication, inefficiency, and potential inconsistency. (And, of course, the Court has no power to dismiss the newly filed state court action.) Therefore, the Court remains of the view that it properly exercised its discretion in declining supplemental jurisdiction. *See Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006).

Omer's two fee requests are equally unmeritorious. First, § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Not only has there been no order remanding the case, but *Omer* is the one who removed the case to this court. He cannot request fees incurred as a result of his own actions. Second, the DTSA allows for an award to include "reasonable attorney's fees to the prevailing party" if "a claim of the misappropriation is made in bad faith." § 1836(3)(D). Although the Court dismissed Plaintiffs' DTSA claim for failure to state a claim, nowhere did the Court suggest that the claim was made in bad faith; to the contrary, the Court gave Plaintiffs the opportunity to replead it. Bad-faith fees mandate a finding (among other requirements) that the losing party's claim was "brought for improper purposes such as harassment or delay," *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000) (citation and quotation mark omitted). There is nothing in the record or in Omer's briefs to support such a finding. Omer's argument to the contrary—which appears to rest on the contention that Plaintiffs' bad faith can be imputed by their failure to withdraw their claim upon receiving Omer's motion to dismiss—is plainly meritless.

Accordingly, the Court denies the requests made in Omer's letter. Given that Plaintiffs

3

have not filed an amended complaint within the deadline the Court set in its September 30 Order, this action is hereby dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment for Defendants and to close this case.[2]

SO ORDERED.

Dated:      October 29, 2021
            New York, New York

_____
Ronnie Abrams
United States District Judge

---

[2] The Court corrects one erroneous statement in Plaintiffs' reply letter. In its Order in the related action, the Court did not hold "that the mutual release at issue (the 'Mutual Release') does not defeat Plaintiffs' claims against Omer for his post-Mutual Release misappropriation of Plaintiffs' confidential and proprietary data, which allegations form the basis of Plaintiffs' state law claims against Omer." Dkt. 59 at 2. Omer is not a party to that action, and so the Court did not make any conclusions regarding the viability of any claims against Omer.